# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| CINDY IRWIN, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )    CAUSE NO. 1:10-CV-364 |
| | ) |
| BELIMED, INC., | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Before the Court is a stipulation by the parties seeking approval of a proposed protective order. (Docket # 19.) As the proposed order contains major defects, it will be DENIED.

First, the order's definition of "confidential" is impermissibly broad. It allows parties to designate as "confidential" all or any part of documents containing:

    a.    Internal operating procedures;
    b.    Internal manufacturing and quality assurance processes . . .;
    c.    Internal design and testing processes . . .;
    d.    Internal labeling processes . . .;
    e.    Internal regulatory processes . . .;
    f.    Internal compliance processes . . .;
    g.    Internal incident reporting processes . . .;
    h.    Internal sales or distribution processes . . .;
    i.    Internal business dealings and contracting with customers;
    j.    Intra-company correspondences and correspondences with parent or other subsidiaries . . .;
    k.    Manufacturer, supplier, vendor or customer information;
    l.    Contracts or agreements with manufacturers, suppliers, vendors or customers; and
    m.    Internal organizational hierarchy or employee reporting information.

(Proposed Stipulated Protective Order ¶ 1.)

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d

943, 946 (7th Cir. 1999). However, the protective order submitted by the parties provides an inadequate basis for finding good cause.

The proposed order, which extends beyond the discovery phase of the proceedings, makes no effort to specify why the purported protected materials are confidential. "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. March 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)). For material to be protected, it "must give the holder an economic advantage and threaten a competitive injury–business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* Here, just because a party considers a document to be "internal" does not necessarily mean that the release of such information will rise to the level of causing competitive harm or creating a competitive advantage for others.

Moreover, the proposed order seeks to cause documents "containing" confidential information to be filed under seal (Proposed Stipulated Protective Order ¶ 1 ), rather than solely protecting the actual confidential material. *See Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document). Indeed, if the Court were to approve this order, both parties would be left with a "virtual carte blanche . . . to seal whatever portions of the

record the party wanted to seal." *Id*. at 944. The Seventh Circuit Court of Appeals has repeatedly held that such overly broad protective orders are invalid. *See, e.g., id.* at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

In addition, paragraph 33 of the proposed order states that it shall continue to be binding after the conclusion of the litigation. (Proposed Stipulated Protective Order ¶ 13.) However, "[t]he Court is unwilling to enter a protective order that requires the Court to retain jurisdiction of any kind after the resolution of the case." *E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

"Obtaining a protective order in an appropriate case need not be a[n] onerous task. But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2. Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

For these reasons, the Court hereby DENIES approval of the stipulated protective order submitted by the parties (Docket # 19). SO ORDERED. Enter for this 13th day of December, 2010.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge