UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CINDY IRWIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:10-CV-364 |
| | ) | |
| BELIMED, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

### I. INTRODUCTION

Before the Court in this product liability action is a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) filed by Defendant Belimed, Inc. (Docket # 16.) Plaintiff Cindy Irwin contests Belimed's motion and also moves to amend her complaint (Docket # 25), which Belimed opposes.[1]

After considering the motions and the relevant law, the Court finds that Irwin's motion to amend should be GRANTED, and that Belimed's motion for judgment on the pleadings should be DENIED.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On July 12, 2010, Irwin filed a complaint against Belimed in Allen County Superior Court alleging claims of product liability, negligence, and breach of express and implied warranties. (Docket # 1.) The suit is a result of a slip-and-fall injury Irwin sustained while she was operating a leaky washing machine manufactured by Belimed at her place of employment,

---

[1] Diversity jurisdiction exists under 28 U.S.C. § 1332(a). Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting.

Parkview Hospital. (Docket # 1.) Belimed later removed the case to this Court under 28 U.S.C. § 1332. (Docket # 2.) On November 11, 2010, the parties stipulated to a dismissal with prejudice of Irwin's negligence and breach of warranties claims, leaving only her product liability claim remaining. (Docket # 10, 12.)

On November 30, 2010, the Court conducted a scheduling conference with the parties, setting a discovery deadline of September 2, 2011. (Docket # 13.) The Court also set a deadline of February 25, 2011, for any amendments to the pleadings. (Docket # 11, 13.)

On December 6, 2010, Belimed filed the instant motion for judgment on the pleadings, alleging that Irwin's complaint fails to state a product liability claim. (Docket # 16.) On December 20, 2010, Irwin filed a response opposing Belimed's motion, together with a motion to amend her complaint. (Docket # 24, 25.) Belimed then timely filed a reply to its motion for judgment on the pleadings and a response opposing Irwin's motion to amend. (Docket # 27, 28.) Irwin filed a reply to her motion to amend, to which Belimed filed a sur-reply with leave of Court. (Docket # 29, 32.) Irwin then timely filed a sur-sur-reply. (Docket # 33.)

As the motions are now fully briefed, the Court will first turn to Irwin's motion to amend her complaint.

### III. IRWIN'S MOTION TO AMEND

*A. Applicable Legal Standard*

A party may amend a pleading once as a matter of course within twenty-one days of serving it; or may amend twenty-one days after service of a responsive pleading, or a Rule 12(b), (e), or (f) motion, whichever is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). Leave

2

to amend is freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The right to amend, however, is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility. *Ind. Funeral Dir. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003); *see GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) ("The opportunity to amend a complaint is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted." (citation and internal quotation marks omitted)).

*B. Analysis*

Here, Irwin's proposed amended complaint does not advance any new claims, rather it simply sets forth additional facts. Irwin explains that she learned these new facts when conducting "informal discovery", which included interviewing a representative of Parkview Hospital. (Mem. in Supp. of Mot. to Am. 3.)

Belimed opposes Irwin's motion to amend, however, claiming that it is a futility; more specifically, Belimed contends that Irwin's proposed amended complaint (1) fails to adequately plead a claim for product liability; and (2) attempts to revive claims already dismissed with prejudice and thus barred by *res judicata*. (Resp. to Pl.'s Mot. to Am. Compl. 1.)

**1. The Proposed Amended Complaint Sets Forth a Claim for Which Relief Can Be Granted**

To begin, "[t]here are no special pleading requirements for product liability claims . . . ." *Bausch v. Stryker Corp.*, __ F.3d __, 2010 WL 5186062, at *10 (7th Cir. Dec. 23, 2010). "The federal standard of notice pleading applies, so long as the plaintiff alleges facts sufficient to meet the new 'plausibility' standard applied in [*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009),] and [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)]." *Id.* To survive a motion to dismiss, the

3

complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 570).

In her proposed amended complaint Irwin alleges, among other things, that Belimed "manufactured, designed, produced, sold, distributed, marketed, installed, and serviced" the washer that she used at the time of her injury. (Pl.'s Proposed Am. Compl. ¶ 11.) She further alleges that the washer "had a long history of leaking" (*id*. ¶ 10); that Belimed "improperly installed" it (*id*. ¶ 13); that the washer was "defective" because it was "improperly packaged and labeled" and lacked "reasonable warnings" (*id*. ¶ 25); that the "doors and seals" on the washer "were not working properly and were defectively designed and/or manufactured resulting in water leaking from the machine" (*id*. ¶ 26); and that the "hoses and their connections" "were defective and/or incorrectly installed resulting in water leaking from the machine" (*id*. ¶ 27).

Belimed, nevertheless, contends that Irwin's proposed amended complaint is deficient because it purportedly fails to set forth "facts plausibly showing *how* the unit and/or components were defective in their manufacture, design and/or warnings." (Def.'s Resp. 8 (emphasis in original).) Specifically, Belimed asserts that Irwin must plead factual allegations showing (1) how the washer "differed from the manufacturer's design or specifications or from other typical units of the same product line, or failed to comply with applicable state or federal codes, standards, regulations or specifications; (2) other safer design alternatives, or that the costs and benefits of a safer design made it unreasonable to use a less safe design; or (3) any unreasonable

4

care under the circumstances in providing warnings and/or instructions." (Def.'s Resp. 10.)

Belimed's characterization of notice pleading requirements, however, departs from Seventh Circuit case law. In the recent product liability suit of *Bausch v. Stryker Corp.*, __ F.3d __, 2010 WL 5186062 (7th Cir. Dec. 23, 2010), the defendant, like Belimed, argued that the dismissal of plaintiff's complaint was warranted because it failed to specify the precise defect or the specific regulatory requirements that were allegedly violated. The Seventh Circuit disagreed, however, opining as follows:

> Although the complaint would be stronger with such detail, we do not believe the absence of those details shows a failure to comply with Rule 8 of the Federal Rules of Civil Procedure or can support a dismissal under Rule 12(b)(6). First, Rule 9(b) does not impose any special requirement that such a claim be pled with particularity, as it does for fraud claims, for example.
> Second, the victim of a genuinely defective product—for example, an air bag that fails to inflate in a serious automobile collision, or an implantable cardiac defibrillator that delivers powerful electric shocks to a heart that is functioning normally—may not be able to determine without discovery and further investigation whether the problem is a design problem or a manufacturing problem. It is common, for example, for injured plaintiffs to plead both defective manufacture and defective design and to pursue discovery on both theories . . . .

*Id*. Thus, Belimed's assertion that Irwin must plead specific facts showing *how* the washer or its components were defective in their manufacture, design, or warnings is simply not supported by the law of the Seventh Circuit. *See, e.g., Hemme v. Airbus*, No. 98 C 7239, 2010 WL 1416468, at *3 (N.D. Ill. Apr. 1, 2010) (opining in a products liability case that "a plaintiff must merely present enough facts to raise a reasonable expectation that discovery will reveal evidence that supports the plaintiff's allegations" (citation and internal quotation marks omitted)); *see generally Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (explaining that under Rule 8 a plaintiff must simply "give enough details about the subject-matter of the case to present a story that holds together").

As the Seventh Circuit Court of Appeals articulated in *Bausch*, "[o]ne objective of Rule 8 is to decide cases fairly on their merits, not to debate finer points of pleading where opponents have fair notice of the claim or defense." 2010 WL 5186062, at *14. Here, Irwin's proposed amended complaint advances a product liability claim that is "plausible on its face" and provides Belimed with "fair notice of the nature of the claim" against it. *Id*. at 11. As a result, and since leave to amend is freely given when justice so requires, Fed R. Civ. P. 15(a)(2), Irwin's motion to amend her complaint will be GRANTED.

**2. The Proposed Amended Complaint Is Not Barred by *Res Judicata***

Belimed also contends that Irwin's additional allegations that it improperly installed the washer are barred by *res judicata* in that they revive Irwin's previous claims of negligence and breach of warranty earlier dismissed with prejudice. Irwin clarifies in her reply, however, that she recently learned for the first time that Belimed had installed the washer at Parkview and is adding the factual allegations not to revive her dismissed claims, but rather to further her product liability claim. (Pl.'s Reply 2.)

Indeed, the installation of a product can fall within the scope of a product liability claim under Indiana law and is not confined to a theory of negligence. *See, e.g.*, *Sapp v. Morton Bldgs., Inc.*, 973 F.2d 539, 543 (7th Cir. 1992) (articulating that the Indiana Product Liability Act applies to products that are assembled or installed on site); (*see* Pl.'s Reply 2 (collecting cases)). Belimed, nevertheless, contends that Irwin's allegations are futile because she makes no allegation that the installation of the washer *preceded* its sale to Parkview so as to constitute part of the manufacturing process. *See* Ind. Code § 34-6-2-77(a) (defining a "manufacturer" as "a person or an entity who designs, assembles, fabricates, produces, constructs, or otherwise

6

prepares a product or a component part of a product *before the sale* of the product to a user or consumer" (emphasis added)).

Belimed, however, "misinterprets the plausibility standard of *Twombly* and *Iqbal* as an opportunity to make premature merits-based arguments regarding [Irwin's] claim[] at the pleading stage." *Hemme*, 2010 WL 1416468, at *2. At this juncture, "a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint." *Hemme*, 2010 WL 1416468, at *2 (citing *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993)). Here, when drawing all reasonable inferences in Irwin's favor and construing her allegations in the light most favorable to her, Belimed's installation of the washer could indeed constitute part of the manufacturing process. As a result, Irwin's failure to allege precisely when Belimed may have installed the washer (if in fact it did so) is not fatal to her product liability claim.

Therefore, Belimed's argument that *res judicata* bars Irwin's proposed amended complaint is unavailing.

## IV. BELIMED'S MOTION FOR JUDGMENT ON THE PLEADINGS

Since Irwin's motion to amend her complaint will be granted, the amended complaint, rather than her original complaint, is the relevant pleading with respect to Belimed's motion for judgment on the pleadings. *See, e.g.*, *Edgenet, Inc. v. GS1 AIBSL*, No. 09-CV-65, 2010 WL 55843 (E.D. Wis. Jan. 5, 2010) (finding defendant's motion to dismiss moot where plaintiff sought leave to amend his complaint and the amended complaint remedied the alleged deficiencies); *Sasse v. Ill. Cent. R.R. Co.*, No. 3:06-cv-121-DRH, 2006 WL 1722369 (S.D. Ill.

June 22, 2006) (same).

A Rule 12(c) motion for judgment on the pleadings is treated the same way as a Rule 12(b)(6) motion to dismiss, which means that it will be granted only if it appears beyond doubt that the plaintiff cannot prove any set of facts that would support her claim for relief. *Forseth* v. *Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). When considering a Rule 12(c) motion, the Court accepts as true all well-pleaded facts alleged in the complaint and draws all reasonable inferences in favor of the plaintiff. *Id.*

Of course, the legal standard governing a motion for judgment on the pleadings encompasses the legal standard set forth earlier with respect to the futility of a proposed amended complaint. *See Klco v. Elmhurst Dodge, Inc.*, No. 01 C 0433, 2002 WL 193461, at *1 (N.D. Ill. Feb. 6, 2002) ("In determining whether an amendment would be futile, the court should deny the motion [to amend] if the amended complaint fails to state a claim upon which relief could be granted under the 'same standard of legal sufficiency that applies under Rule 12(b)(6).'" (quoting *Gen. Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997)). Therefore, for the same reasons that Belimed's futility argument fails with respect to Irwin's proposed amended complaint (discussed *supra*), Belimed's motion for judgment on the pleadings will be DENIED.

## V. CONCLUSION

For the reasons given above, Plaintiff's motion to amend (Docket # 25) is GRANTED, and the Clerk is ORDERED to show her amended complaint filed. Defendant's motion for

8

judgment on the pleadings (Docket # 16) is DENIED.

SO ORDERED.

Enter for this 14th day of January, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge